# KAPLAN, MASSAMILLO & ANDREWS, LLC

200 WEST MADISON STREET
16TH FLOOR
CHICAGO, ILLINOIS 60606
TELEPHONE (312) 345-3000
FACSIMILE (312) 345-3119
www.kmalawfirm.com

RICHARD A. WALKER
rwalker@kmalawfirm.com
(312) 345-3051

NEW YORK OFFICE
70 EAST 55TH STREET
25TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 922-0450
FACSIMILE (212) 922-0530

April 5, 2016

**VIA ECF**

Hon. William H. Pauley III
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> **RE:** *Ries v. Malaysian Airline System Berhad*
> Case No. 1:16-cv-00690-WHP

Dear Judge Pauley:

As counsel for defendant Malaysian Airline System Berhad (Administrator Appointed) ("MAS") we write, pursuant to the Court's motion practice rules, to request a stay of all pretrial proceedings and an adjournment of the April 13, 2016 Initial Pretrial Conference pending a decision by the Judicial Panel for Multidistrict Litigation ("JPML") on MAS's Motion for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("MDL Motion"), MDL No. 2712, Dkt. 1. The undersigned has conferred with counsel for the plaintiff and plaintiff does not oppose the relief sought in this letter motion although plaintiff has indicated his reasons to oppose transfer in his filing with the JPML.

Plaintiff filed suit on January 29, 2016 alleging a claim for the wrongful death of Mei Ling Ch'ng, a ticketed passenger on board Malaysia Airlines Flight MH370 ("MH370"). MH370 was a scheduled international passenger flight operated by MAS, which disappeared from air traffic controllers' radars on March 8, 2014 and crashed somewhere in the southern Indian Ocean. Plaintiff alleges this Court has jurisdiction over this action pursuant to both the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), 49 U.S.C. § 40105 (the "Montreal Convention"), and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq.*, (the "FSIA"). Seven other actions have been filed against MAS and other defendants in the three other federal districts courts by claimants of the estates of over fifty other passengers on board MH370.

The eight federal court actions filed against MAS across the United States (the "Actions") are all based on the same single event – the loss of MH370 and the deaths of the passengers on board. MAS and Malaysia Airlines Berhad, a co-defendant in several of the pending Actions, filed their joint MDL Motion on March 11, 2016, and Responses to that Motion were filed on April 4, 2016. MAS anticipates that the Judicial Panel for Multidistrict Litigation

KAPLAN, MASSAMILLO & ANDREWS, LLC

Hon. William H. Pauley III
United States District Court for the
Southern District of New York
April 5, 2016
Page 2

(the "Panel") will hear the MDL Motion during the May 26, 2016 Hearing Session and that the Panel will rule on the MDL Motion shortly thereafter.  Accordingly, MAS respectfully requests this Court enter an order staying all pretrial proceedings in the caption case, including the Initial Pretrial Conference set for April 13, 2016, pending the Panel's ruling.  No previous requests for adjournment have been made by any of the parties.   As a basis for staying this action and for adjournment of the April 13, 2016 Initial Pretrial Conference, MAS offers the following for the Court's consideration.

I. **The Panel Routinely Grants Motions to Transfer Actions for Coordinated or Consolidated Pretrial Proceedings in Cases Involving Air Crash Litigation.**

All of the pending Actions contain claims arising from the death of a passenger on board MH370 and are based on a common nucleus of operative facts. Further, it is MAS's position that the Actions all raise common factual and legal issues, including important threshold questions of jurisdiction over an agency or instrumentality of a foreign state, Montreal Convention jurisdiction and *forum non conveniens*.  The JPML has recognized that separate actions from a single aviation disaster are "a prime example of the need which gave rise to [the] enactment of Section 1407" and routinely consolidates such actions. *In re Air Crash Disaster near Chicago, Ill. on May 25, 1979*, 476 F. Supp. 445, 447 (J.P.M.L. 1979).  While plaintiff in this matter has expressed disagreement with the MDL Motion, this matter should at least await a determination by the JPML whether transfer for coordinated or consolidated proceedings is appropriate.

II. **This Court Has Authority to Stay the Proceedings; and Awaiting the JPML's Decision Serves the Principal Aims of Multidistrict Litigation.**

It is within this Court's authority to briefly stay the pretrial proceedings in this Action, including the Initial Pretrial Conference, pending the ruling of the JPML on the MDL Motion. *Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants"). To determine whether a stay is warranted courts are to consider: the prejudice to the non-movant if litigation is delayed; the private interests and burden on the movant if it is not; and the interests of the courts and persons not parties to the litigation. *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369-70 (S.D.N.Y. 2013). Staying pretrial proceedings is particularly warranted here, where an MDL Motion is currently pending, and all of the relevant factors weigh in favor of staying the proceedings. *See id.*, at 369 (noting that this Circuit routinely grants motions to stay proceedings pending JPML action).

A brief stay of the proceedings will not prejudice Plaintiff.  This action has been pending for only two and a half months.  No Scheduling Order has been entered and discovery has not yet begun.  Accordingly, Plaintiff will not be prejudiced by a brief delay pending the JPML's

KAPLAN, MASSAMILLO & ANDREWS, LLC

Hon. William H. Pauley III
United States District Court for the
Southern District of New York
April 5, 2016
Page 3

decision. *Kollar v. ConAgra Foods*, No. 07CV130, 2007 WL 1774679, at *1 (W.D.N.Y. June 18, 2007).

MAS, however, could be prejudiced if a stay is not entered. MAS intends to challenge jurisdiction in these Actions on multiple grounds and resolving those challenges will likely require jurisdictional discovery and rounds of briefing which should be decided by a single court. In the absence of a stay, MAS would be forced to engage in duplicative discovery, including preparation of a Rule 26(f) Report prior to the Initial Pretrial Conference scheduled for April 13, 2016. Further, if this action is not stayed, MAS risks having multiple courts resolve the jurisdictional challenges inconsistently. Where, as here, the same jurisdictional challenges will be lodged in each of the pending actions, the Second Circuit has "intimated that allowing the transferee court to resolve the jurisdictional question[s] may be the preferable practice." *Med. Soc'y of State of New York v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (citing *In re Ivy*, 901 F.2d 7 (2d Cir. 1990)). Accordingly, the potential prejudice to MAS weighs in favor of briefly staying the proceedings.

Finally, judicial economy likewise favors the entry of a stay order. Staying the proceedings will promote the just and efficient administration of all of the related Actions by a single transferee court. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997) (noting that stay was warranted pending MDL ruling because stay would conserve judicial resources and avoid potential that the court would have needlessly expended energies familiarizing itself with intricacies of a case that could be transferred to and heard by another judge). There is simply no reason for this Court to expend its energies while the MDL Motion is pending as this case may be transferred to another district court for coordinated and consolidated proceedings.

For these reasons, MAS respectfully requests, and Plaintiff does not oppose, that this Court enter an order staying all pretrial proceedings, and adjourn the April 13, 2016 Initial Pretrial Conference, pending the JPML's ruling on the MDL Motion and any subsequent transfer of cases.

Respectfully submitted,

KAPLAN, MASSAMILLO & ANDREWS, LLC

Richard A. Walker

Courtesy Copy to Court by FedEx

cc:  All counsel of Record via ECF

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that, on April 5, 2016, pursuant to Fed. R. Civ. P. 5 and LR 5.2, a true and correct copy of the foregoing Letter Motion of Defendant Malaysian Airline System Berhad (Administrator Appointed) for Stay of Proceedings and Adjournment of April 13, 2016 Initial Pretrial Conference was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

          /s/ Richard A. Walker
           Richard A. Walker